FIFIELD v. WHITE.

(Supreme Court, Appellate Division, Third Department.    June 29, 1910.)

1. TRUSTS (§ 191*)—SALE BY EXECUTOR AS TRUSTEE—CONSTRUCTION OF WILL.
Where testator gave his residuary estate to his wife for life and after her death over to designated persons, and further provided that the executor should for the performance of the will sell the real estate, the executor must sell the real estate and hold the proceeds in trust, to invest the income for the support of the wife, and after her death to deliver the proceeds to the residuary legatees.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 243; Dec. Dig. § 191;* Powers, Cent. Dig. §§ 82–98.]

2. EXECUTORS AND ADMINISTRATORS (§ 426*)—CONSTRUCTION—DUTY OF EXECUTOR.
Testator gave his residuary estate to his wife for life with remainder over, and provided that the executor should for the performance of the will sell his real estate. The wife, as executrix, conveyed real estate in consideration of a specified sum and an agreement by the purchaser with her individually to support her for life. *Held*, that a breach of the purchaser's agreement to support the wife gave her a right of action personally which on her death survived to her representatives, but the representatives of the testator after her death could not sue therefor.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1663, 1665; Dec. Dig. § 426.*]

Kellogg and Sewell, JJ., dissenting.

Appeal from Special Term, Clinton County.

Action by Emma Fifield, administratrix with will annexed of Roswell C. Muzzy, deceased, against Hollis P. White. From a judgment dismissing the complaint and for costs, plaintiff appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Patrick J. Tierney, for appellant.
Robert E. Healey, for respondent.

SMITH, P. J. The complaint alleges the death of Roswell C. Muzzy on August 21, 1889, possessed of certain real estate therein described; that by the will of said Muzzy the real estate was given to his wife, Hannah B. Muzzy, for life, with power to sell and convey the same for the purposes of said will, and the appointment of said Hannah B. Muzzy as executrix thereof; that upon February 11, 1898, the said real estate was conveyed by the said Hannah B. Muzzy, as executrix, to the defendant, in consideration of $1,000 and an agreement between said Hannah B. Muzzy personally and defendant that defendant should furnish her board and support and medical aid during her life and a suitable funeral at her death; that the defendant failed to perform his agreement; that the said Hannah B. Muzzy was compelled to procure support and care from other sources; that said Hannah B. Muzzy died on July 26, 1906, and the appointment thereafter of this plaintiff as administrator with the will annexed of the estate of the said Roswell C. Muzzy; and that as such administrator he was compelled to pay the sum of $1,550 for board, lodging, and care

of said Hannah B. Muzzy, and the sum of $200 for medical attendance and $85 for funeral expenses. The relief demanded is for the sum of $1,550, and in default of such payment that the land be sold for the payment thereof. At the opening of the trial it was stipulated that the will of Roswell C. Muzzy, the deed from Hannah B. Muzzy to defendant, and the agreement between the said Hannah B. Muzzy and the defendant, might be deemed part of said complaint. Thereupon, upon defendant's motion, the court dismissed the complaint with costs.

The will of Roswell C. Muzzy, which was thus stipulated in the complaint, provides for the payment of debts, the giving of certain legacies, and in the fifth paragraph the residue and remainder of the estate, both real and personal, was bequeathed to his wife, Hannah B. Muzzy, during her life, and after her death to certain brothers and sisters. The sixth paragraph of said complaint reads as follows:

"Sixth. I will and ordain that the executrix of this my last will and testament for and towards the performance of said testament shall with all convenient speed after my decease, bargain, sell and alien in fee simple all my lands for the doing, executing and perfect finishing whereof. I do by these presents give to my executrix full power and authority to grant, alien, bargain, sell, convey and assure all the same lands to any person or persons and their heirs forever in fee simple by all and every such lawful ways and means in the premises as to my said executrix or to her counsel in the law shall seem fit and necessary."

The legal position of the parties would perhaps be made more clear if some other party had been appointed executor in this will. The duties of such an executor are clearly defined to sell the real estate and hold the proceeds in trust; first, to invest the same and devote the income therefrom to the support of the widow, and after her death to deliver the estate to the residuary legatees. It is not wholly clear that he would be authorized to convey this land in consideration of such an agreement as was made, as the widow was only entitled to the life use or the proceeds of the fund invested. She could, however, sell her interest in the land. As that question is not raised here, however, we will assume that the contract was a valid one. Upon this assumption the widow has apparently released the executor from any obligation under such a trust, and by the contract made individually between her and the defendant has taken the obligation of the defendant in full satisfaction thereof. For the breach of that agreement she would have the right of action which would survive to her executors after her death. Such executor, having been released from his obligation by the voluntary act of the widow, would have no legal interest in the execution of the contract, and therefore could not have been compelled to reimburse those who had furnished her support and maintenance, and would have no right of action for the moneys expended therefor. The administrator with the will annexed can have only such rights as such executor would have if living.

It would seem to follow that any right of action for the breach of this agreement rested with the executors of Hannah B. Muzzy. The judgment should, therefore, be affirmed, with costs.

Judgment affirmed, with costs. All concur, except KELLOGG, J., dissenting in memorandum in which SEWELL, J., concurs.

JOHN M. KELLOGG, J. (dissenting). The defendant purchased the land under the power of sale mentioned in the will, and has refused and neglected to pay the purchase price. It is true a part of the purchase price was to be paid by supporting the widow, who was the executrix. By his refusal to make such payment the estate has paid $1,550 for her maintenance, which is the balance unpaid on the purchase price of the land which the estate sold the defendant. The defendant, having agreed to support her in payment of land he received from the estate, is not in position to deny that the estate is properly chargeable with her support. The action was properly brought.

SEWELL, J., concurs.